UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | CASE NO.   05-433 M |
| v. ) | |
| ALBERTO CAVERO-RIOS, ) | DETENTION ORDER |
| Defendant. ) | |

Offense charged:        Illegal Re-Entry After Deportation, in violation of Title 8, U.S.C., Section 1326(a).

Date of Detention Hearing:   August 31, 2005.

      The Court, having conducted an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Don Reno.  The defendant was represented by Nancy Tenney.

      The Government filed a Motion for Detention, to which the defendant stipulated.

//

DETENTION ORDER
PAGE -1-

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The defendant represents a risk of nonappearance for the following reasons:

    (a) He is a citizen and national of Mexico who has previously been deported, and his background and ties to the Western District of Washington are unknown;

    (b) He has an extensive criminal history which includes numerous active bench warrants and failures to appear for court hearings, behavior which indicates the likelihood of future noncompliance with court orders;

    (c) He is associated with 19 alias names and 10 dates of birth which may facilitate flight; and

    (d) The Bureau of Immigration and Customs Enforcement has filed a detainer.

(2) The defendant represents a risk of danger due to his extensive criminal history and unknown background.

(3) The defendant stipulated to detention.

Thus, there is no condition or combination of conditions that would reasonably assure future court appearances.

**It is therefore ORDERED:**

(l) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for

the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 1st day of September, 2005.

_____
Monica J. Benton
United States Magistrate Judge